On petitioner's objections to modified ballot title filed February 19, considered and under advisement on February 25, Attorney General's certified ballot title referred to Attorney General for further modification March 18, ballot title certified April 29, 2010 (348 Or 282)

## Jerry CARUTHERS,
*Petitioner,*

*v.*

## John R. KROGER,
Attorney General,
State of Oregon,
*Respondent.*

(SC S057678)

228 P3d 549

Thomas K. Doyle, Bennett, Hartman, Morris & Kaplan, LLP, Portland, filed the objections for petitioner.

Douglas F. Zier, Senior Assistant Attorney General, Salem, waived appearance for respondent.

GILLETTE, J.

**GILLETTE, J.**

This ballot title review proceeding involving the ballot title for Initiative Petition 43 (2010) is before us for a second time. In the first iteration, *Caruthers v. Kroger*, 347 Or 660, 227 P3d 723 (2010), this court held that the Attorney General's certified ballot title was deficient in each of its parts—the caption, the "yes" and "no" result statements, and the summary. We referred the matter back to the Attorney General to prepare a modified ballot title. *Id.* at 671. *See* ORS 250.085(8) (providing for that procedure).

In response to our referral, the Attorney General prepared and certified to this court a modified ballot title. *See* ORS 250.085(9) (providing procedure). Petitioner has filed objections to the Attorney General's modified ballot title, once again asserting that each part of the Attorney General's certified ballot title fails to comply substantially with the requirements of ORS 250.035. *See* ORS 250.085(5) (providing that standard of review); ORS 250.085(9) (providing procedure for objecting to modified ballot title). For the reasons set out below, we once again agree with petitioner and again refer the ballot title to the Attorney General for further modification.

We think that the best way to understand petitioner's present objections to the Attorney General's modified ballot title is by (1) setting out the proposed measure, (2) summarizing our criticism of the Attorney General's previously certified ballot title, (3) setting out the Attorney General's modified ballot title that was prepared in response to our earlier opinion, and then (4) considering petitioner's objections. To that end, we begin by setting out the proposed constitutional amendment in full:

"In order to respect voter participation in the initiative and referendum process, and in order to ensure the integrity of public officials in reviewing signatures on petitions, the People add the following provision to Section 1, Article IV of their Constitution:

"Every registered voter who has signed an initiative or referendum petition that has been filed as provided in section (1)(2)(e) or section (1)(3)(b) of this Article is guaranteed the right to have his or her signature counted for purposes of

determining whether the initiative or referendum petition has obtained enough signatures to qualify for submission to the voters. No statute or rule may restrict this right."

Respecting the Attorney General's former certified ballot title, this court explained,

"the subject of the proposed measure is perhaps best identified by noting the connection between two separate parts of the proposed measure: The second clause of the measure's introductory sentence states that the proposed measure is to be added to Article IV, section 4, of the Oregon Constitution, 'in order to ensure the integrity of public officials in reviewing signatures on petitions.' The *way* in which that integrity is to be 'ensured' is then found in the proposed measure's statement that 'no statute or rule' may restrict the 'right' of a qualified voter to have the voter's signature 'counted.' From those two provisions, it becomes clear that the subject of the measure is the removal of impediments to that counting, whether those impediments be statutory or rule-based. And that necessarily means that some of the processes by which signatures presently are vetted—processes that can prevent the counting of certain individual signatures—are to be set aside and that the legislature is forbidden to enact substitutes for them. The Attorney General's caption fails to identify this subject, which is at the heart of the proposed measure."

*Caruthers,* 347 Or at 667-68 (emphasis in original). We went on to add, with respect to the result statements and the summary, that the ballot title inappropriately focused on a process called "sampling," by which the Secretary of State projected from a sample of appropriately submitted, valid petition signatures the likely total number of valid signatures among the entire number of signatures submitted in support of initiating or referring a measure. The court stated:

"On referral, the Attorney General should, consistent with the word number limitation applicable to th[ese] part[s] of the ballot title, avoid singling out and concentrating on any particular way by which the Secretary of State limits the eligibility of signatures to be counted, and avoid making debatable assumptions respecting the effect of passage of the proposed measure."

*Id.* at 669.

On referral, the Attorney General revised his initial ballot title and certified the following modified ballot title in its place:

**"Amends Constitution: Prohibits laws restricting count of registered voters' signatures to determine initiative/referendum qualification for ballot**

**"Result of 'Yes' vote:** 'Yes' vote invalidates current law and prohibits future laws restricting the counting of individual registered voters' signatures to determine if initiative/referendum qualifies for ballot.

**"Result of 'No' vote:** 'No' vote retains existing laws, regulations regarding how individual registered voters' signatures on initiative/referendum petitions are counted to determine if measure qualifies for ballot.

**"Summary:** Amends constitution. Initiative and referendum petitions qualify for ballot only when signed by sufficient number of qualified registered voters; the exact number of signatures required for ballot qualification depends on the particular type of measure. Currently, constitutional provisions, statutes, and administrative rules establish requirements for signature collection and verification to prevent fraud, forgery, or improper signature gathering and establish procedures for determining how signatures on petitions are counted. Measure invalidates existing laws restricting the counting of individual registered voters' signatures to determine whether a sufficient number of valid signatures have been collected on initiative/referendum petitions to qualify them for the ballot; prohibits any future statute or administrative rule from restricting the counting of all registered voters' signatures on initiative/referendum petitions. Other provisions."

We turn to petitioner's objections to that modified ballot title.

1. *Modified Caption*

■ As noted, the modified caption in the Attorney General's certified ballot title provides:

**"Amends Constitution: Prohibits laws restricting count of registered voters' signatures to determine initiative/referendum qualification for ballot"**

Petitioner asserts that the Attorney General's use of the phrase "laws restricting count" (petitioner actually misquotes the phrase as "law restricting count") inappropriately focuses on counting votes, when the true subject of the proposed measure reaches beyond "counting" to touch a variety of statutes and rules that are designed to control the initiative and referendum process as a whole, with the result (invalidating signatures) being a consequence of violations of certain of those statutes and rules.

Petitioner is correct. This court did state in its earlier opinion that the proposed measure would remove some (not all) of the impediments to counting signatures, but specifically noted that the manner in which that would be accomplished was that

"some of the processes by which signatures presently are vetted—processes that can prevent the counting of certain individual signatures—are to be set aside and * * * the legislature is forbidden to enact substitutes for them. The Attorney General's caption fails to identify this subject, which is at the heart of the measure."

*Caruthers*, 347 Or at 668. As further clarification, the opinion included examples of statutes and rules that would be affected by enactment of the proposed measure. *Id.* at 665. Most such statutes and rules focus on practices and procedures that the legislature and the Secretary of State have considered desirable to ensure the legitimacy of the signature-gathering process and to regulate the activities of those who gather the signatures; few (if any) have as their principal focus or purpose the disqualification of signatures. Thus, as our previous opinion indicated (and as petitioner now argues), the subject of the proposed measure was the elimination of many existing controls on the present signature collection and verification process, together with a prohibition on creating substitutes for those controls. The Attorney General's caption still does not capture that subject. It must. In failing to do so, the caption does not substantially comply with ORS 250.035(2)(a) (requiring that a certified ballot title contain a caption that "reasonably identifies the subject matter of the * * * measure"). The ballot title therefore must be referred to the Attorney General for modification. *See* ORS 250.085(8) (ballot title failing to comply substantially with

requirements of ORS 250.035 shall be referred to Attorney General for modification).

We recognize that the ballot title modification process must be carried out very expeditiously—a modified ballot title must be certified by the Attorney General within five business days of referral from this court, ORS 250.085(9)—and we do not wish to "hide the ball." We therefore suggest (without in any sense requiring it) that a caption phrased in some way akin to the following meets the requirements of ORS 250.035(2)(a):

> **"Amends Constitution: Prohibits disqualification of initiative/referendum signatures even when obtained in violation of election laws"**

2. *Modified "Yes" and "No" Result Statements*

■ Once again, for the convenience of the reader, we set out the Attorney General's modified "yes" and "no" result statements:

> **"Result of 'Yes' vote:** 'Yes' vote invalidates current law and prohibits future laws restricting the counting of individual registered voters' signatures to determine if initiative/referendum qualifies for ballot.

> **"Result of 'No' vote:** 'No' vote retains existing laws, regulations regarding how individual registered voters' signatures on initiative/referendum petitions are counted to determine if measure qualifies for ballot."

Petitioner's objections to both of those parts of the Attorney General's modified ballot title is the same as that made to the caption: As written, both result statements are under-inclusive in that they speak of "counting" signatures instead of focusing on the larger effect of the proposed measure, if it were adopted. Again, we agree. The statements do not substantially comply with the requirements of ORS 250.035(2)(b) and (c). They must be modified in a manner that is consistent with our comments concerning the caption.

3. *Summary*

■ Again for the convenience of the reader, we set out the Attorney General's modified summary:

"**Summary:** Amends constitution. Initiative and referendum petitions qualify for ballot only when signed by sufficient number of qualified registered voters; the exact number of signatures required for ballot qualification depends on the particular type of measure. Currently, constitutional provisions, statutes, and administrative rules establish requirements for signature collection and verification to prevent fraud, forgery, or improper signature gathering and establish procedures for determining how signatures on petitions are counted. Measure invalidates existing laws restricting the counting of individual registered voters' signatures to determine whether a sufficient number of valid signatures have been collected on initiative/referendum petitions to qualify them for the ballot; prohibits any future statute or administrative rule from restricting the counting of all registered voters' signatures on initiative/referendum petitions. Other provisions."

Petitioner agrees that the summary's description of current law is correct, but he asserts that the discussion of what the proposed initiative measure would do if adopted is, once again, too narrowly focused, for the reasons already discussed. Again, we agree. The summary as written does not substantially comply with the requirements of ORS 250.035(2)(d). It must be further modified in a manner consistent with our discussion of the caption and the result statements.

The Attorney General's certified ballot title is referred to the Attorney General for further modification.